IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

HARRY G. and JACQUELINE )
SCHORTMANN, )
　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　　　　　)
v. )   Civil No. 04-11011-MLW
　　　　　　　　　　　　　　　　　　　　　　　　)
INTERNAL REVENUE SERVICE OF )
THE UNITED STATES GOVERNMENT, )
　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendant. )

## UNITED STATES' ANSWER

### FIRST DEFENSE

The taxpayers have failed to satisfy the jurisdictional requirements of 26 U.S.C. § 7433 with respect to their claim for damages.

### SECOND DEFENSE

The taxpayers have failed to establish a waiver of the United States' sovereign immunity.

### THIRD DEFENSE

The taxpayers have failed to satisfy the jurisdictional requirements of 26 U.S.C. § 7422.

### FOURTH DEFENSE

The taxpayers have not established an exception to the Anti-Injunction Act in this matter.

### FIFTH DEFENSE

The taxpayers have failed to establish entitlement to attorneys' fees.

SIXTH DEFENSE

The United States responds to the specific allegations of the complaint as follows:

1. *The plaintiffs are residents of Holliston, Middlesex County and citizens of the United States.*

RESPONSE: The United States admits the allegations contained in paragraph 1 of the complaint.

2. *The defendant is the Internal Revenue Service.*

RESPONSE: The United States denies the allegations contained in paragraph 2 of the complaint and asserts that the United States is the proper party defendant in this matter, not the Internal Revenue Service.

3. *Tax matters concerning the Internal Revenue Service fall under the jurisdiction of this court.*

RESPONSE: The United States denies that this court has jurisdiction over all tax matters concerning the Internal Revenue Service but avers that jurisdiction is proper in this matter pursuant to 26 U.S.C. § 1346(a)(2), which provides for jurisdiction over claims against the United States with respect to express or implied contracts. Jurisdiction is not proper in this court pursuant to any grant of jurisdiction provided under the Internal Revenue Code.

4.   *On May 27, 1999, the plaintiffs entered into an agreement with the defendant whereby the defendant agreed to pay the plaintiffs a refund plus interest. The defendant has paid only some of the interest due and refuses to pay the rest of the interest which it agreed to pay.*

RESPONSE:   The United States admits that a letter was sent to the plaintiffs of May 27, 1999, acknowledging that an agreement had been approved and would be processed by the Internal Revenue Service. The United States denies the remaining allegations contained in paragraph 4 of the complaint.

WHEREFORE, the United States respectfully requests that this Court dismiss plaintiff's action.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney

  /s/ Lydia D. Bottome
LYDIA D. BOTTOME
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

```
I hereby certify that a true copy of the
above document was served upon (each party
appearing pro se and) the attorney of record
for each other party by mail on

   9/03/04 - Lydia D. Bottome
```

Service List

Harry G. Schortmann
Jacqueline Schortmann
91 Hemlock Drive
Holliston, Massachusetts 01746