IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

HARRY G. SCHORTMANN, JR. and  )
JACQUELINE SCHORTMANN, PRO SE, )
           )
    Plaintiffs,     )
           )
   v.        )  Civil No. 04-11011-MLW
           )
INTERNAL REVENUE SERVICE OF THE )
UNITED STATES GOVERNMENT,  )
           )
    Defendant.   )

UNITED STATES' MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS

The United States of America submits this memorandum of law in support of its

motion to dismiss the complaint, or, in the alternative, to transfer plaintiffs' claims to the

Court of Federal Claims pursuant to 28 U.S.C. § 1631.


**PROCEDURAL BACKGROUND**

This action was brought by plaintiffs against the "Internal Revenue Service of the

United States Government" seeking the payment of "additional" interest pursuant to an

agreement entered into between the Internal Revenue Service and the plaintiffs on or

about May 27, 1999.  See Complaint. The plaintiffs also sought "the same penalty that

a taxpayer would be charged if a taxpayer were guilty of not paying taxes for the same

period as the defendant refused to pay the plaintiffs according to the agreement dated

May 27, 1999."  Complaint.  Finally, the plaintiffs sought punitive damages, and

compensation equal to the cost of attorneys' fees.  See Complaint.  The complaint did

not place a monetary value on the claims made therein.  On or about April 7, 2005, the

plaintiffs served on the United States an "amendment to complaint," seeking to add damages claims which totaled $156,000.00.  See Amended Complaint.

## ARGUMENT

### I.  UNITED STATES' SOVEREIGN IMMUNITY

It is well settled that the United States, as a sovereign, may not be sued without its consent, and that the terms of its consent define the court's jurisdiction.  See United States Department of Energy v. Ohio, 503 U.S. 607, 615 (1992); United States v. Dalm, 494 U.S. 596, 608 (1990).  Where the United States has not consented to suit, the court lacks jurisdiction over the subject matter of the action and dismissal is required. See Smith v. United States, 507 U.S. 197 (1993).

Where, by statute, the sovereign consents to being sued, the suit may be maintained if brought in exact compliance with the terms of the statute.  See United States v. Sherwood, 312 U.S. 584, 590 (1941).  Any such consent must be unequivocally expressed by Congress, however, and is to be strictly and narrowly construed in favor of the United States.  See United States v. Idaho, 508 U.S. 1, 6-7 (1993); United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992).  Furthermore, the burden is on the plaintiff to establish that the United States has consented to suit. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

### II.  JURISDICTION IS NOT PROPER IN THIS COURT

The plaintiffs' claim is, in effect, a breach of contract action against the United States as it seeks payment of interest allegedly owed pursuant to a written agreement

between the Internal Revenue Service and the plaintiffs.  As a result, jurisdiction over

this matter will depend upon the amount claimed by the plaintiffs.  If the amount

claimed by the plaintiffs is in excess of $10,000.00,  jurisdiction over this claim is

grounded in 28 U.S.C. § 1491, which provides the *Court of Federal Claims* with

jurisdiction over "claims against the United States founded . . . upon any express or

implied contract with the United States, or for liquidated or unliquidated damages in

cases not sounding in tort."  28 U.S.C. § 1491.  If the amount in controversy is less than

$10,000.00, then Section 1346(a)(2) provides the federal district court with jurisdiction

over these claims.[1]

Plaintiffs have not valued their claim for interest in this matter, but it likely

exceeds $10,000.00.[2]  Moreover, the consequential damages claims, which exceed

---

[1] 28 U.S.C. § 1346(a)(2) provides as follows:

The district courts shall have original jurisdiction, concurrent
with the Court of Federal Claims, of:

. . . .

(2) Any other civil action or claim against the United States,
not exceeding $10,000 in amount, founded either upon the
Constitution, or any Act of Congress, or any regulation of an
executive department, or upon any express or implied
contract with the United States, or for liquidated or
unliquidated damages in cases not sounding in tort . . .

28 U.S.C. § 1346(a)(2).

[2] Plaintiffs are seeking interest "from the date the plaintiffs paid an income tax
for that year until the defendant pays the interest."  See Complaint.  Because the years
at issue in the "agreement" between the plaintiffs and the Internal Revenue Service
begin with the 1980 tax year, it is wholly conceivable that the interest amounts could
exceed $10,000.00.  Plaintiffs have been unwilling to clarify whether their claims
specifically related to the alleged failure to pay interest exceed $10,000.00.

$156,000.00, place the asserted claims in this case well over $10,000.00.  Because it is incumbent upon the plaintiffs to establish that jurisdiction is proper in this Court, see Kokkonen, 511 U.S. at 377, and they have utterly failed to do so, this Court lacks jurisdiction over this matter.

Plaintiffs have asserted to counsel for the United States that jurisdiction is proper in this court pursuant to 28 U.S.C. § 1346(a)(1).  Section 1346(a)(1), however, is a general jurisdiction statute that does not constitute a separate waiver of sovereign immunity.[3]  See, e.g., Shanbaum v. United States, 32 F.3d 180, 182 (5th Cir. 1994).  Rather, it operates in conjunction with 26 U.S.C. § 7422 to provide a waiver of sovereign immunity in tax refund suits only when the taxpayer has fully paid the tax and filed an administrative claim for refund.  See, e.g., Dzuira v. United States, 966 F.Supp. 126, 128 (D.Mass. 1997) (citing  Flora v. United States, 357 U.S. 63 (1958)); Shanbaum, 32 F.3d at 182.[4]  This action does not seek a refund of taxes or penalties paid, rather it seeks payment of interest allegedly owed to the plaintiffs.  In any event, there is no evidence that the plaintiffs ever filed a proper claim for refund with the Internal Revenue Service, nor do they allege such a filing in their complaint.  As a result, the plaintiffs cannot establish a waiver of the United States' sovereign immunity from suit in this Court.

_____

[3] Section 1346(a)(1) allows for the filing of a refund claim to recover erroneously paid tax, penalties, or a "sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."  28 U.S.C. § 1346(a)(1).

[4] Section 7422 unequivocally requires the filing of a valid claim for a refund with the Internal Revenue Service before a taxpayer may proceed with a tax refund suit in federal district court.  See United States v. Dalm, 494 U.S. 596, 609-10 (1990), Little People's School, Inc. v. United States, 842 F.2d 570 (1st Cir. 1988).

CONCLUSION

Based on the above discussion, the taxpayers claims must either be dismissed or transferred to the Court of Federal Claims pursuant to 28 U.S.C. § 1631.

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail on

_____4/18/05 - Lydia  Bottome Turanchik_____

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


  _/s/ Lydia Bottome Turanchik_____
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

Service List

Harry G. Schortmann, Jr.
Jacqueline Schortmann
91 Hemlock Drive
Holliston, Massachusetts 01746