IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

HARRY G. SCHORTMANN, JR. PRO SE
JACQUELINE SCHORTMANN PRO SE,

Plaintiffs,

v.

Civil No. 04-11011-MLW

INTERNAL REVENUE SERVICE OF
THE UNITED STATES GOVERNMENT,

Defendant.

## OPPOSITION TO THE MOTION OF THE UNITED STATES TO DISMISS THE COMPLAINT

The motion of the "United States to Dismiss the Complaint, or, in the Alternative, Transferred Case to the United States Court of Federal Claims" should be dismissed without consideration as the motion of the United States was filed contrary to Rule 7.1 (a) (2) of *The Local Rules of the United States District Court for the District of Massachusetts*.

Rule 7.1 (a) (2) states, *"No motion shall be filed unless counsel certify that they have conferred and have tempted in good faith to resolve or narrow the issue."* The motion of the United States was not certified. More importantly, no conference was ever held, nor did the United States ever seek such a conference.

Aside from improperly filing it's motion, the motion of United States should not be granted.

In general, this case has arisen because the Internal Revenue Service has failed to properly process the Plaintiff' s 1997 income tax return. This fact has been ignored by the Defendant. If the Defendant's contention were allowed, it would mean that anyone filing an income tax return could lose his/her right of redress to improper actions of the Internal Revenue Service because the Internal Revenue Service acted improperly  This is both illogical and untenable.

In particular, the Defendant's Counsel has made two basic assertions:

1) The United States was improperly sued.

2) The United States District Court does not have jurisdiction in this case.

These assertions by the Defendant's Counsel are contradicted by what the Defendant has specifically promulgated in the Internal Revenue Service Publication 556, *Examination* of *Returns, Appeals Rights, and Claims for Refund* that, "*If you and the IRS still disagree after the appeals conference, you can take your case to . . . the United States District Court*" and in Internal Revenue Service Publication 5, Catalog Number 460741, *Appeal Rights and Preparation of Protests for Unagreed Cases* states, "*You may take your case to your United States District Court or to the United States Claims Court*". No dollar limitation was specified in either case.

                                            Respectfully submitted,

                                            */s/ Harry G. Schortmann, Jr.*
                                            Harry G. Schortmann, Jr., PRO SE

                                            91 Hemlock Drive
                                            Holliston, MA 01746
                                            508-429-5726

A copy was mailed on May 2, 2005 to:

LYDIA BOTTOME TURANCHIK
Trail Attorney, Tax Division
U. S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, DC 20044