IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARRY G. and JACQUELINE SCHORTMANN, )<br>)<br>Plaintiffs,                        )<br>)<br>v.                                 )<br>)<br>INTERNAL REVENUE SERVICE OF        )<br>THE UNITED STATES GOVERNMENT, )<br>)<br>Defendant.                         ) | Civil No. 04-11011-MLW |

UNITED STATES' RESPONSE TO
PLAINTIFFS' OPPOSITION TO THE UNITED STATES'
MOTION TO DISMISS OR TRANSFER

On April 18, 2005, the United States moved to dismiss or transfer the above-captioned proceeding as this Court lacks jurisdiction over this matter. On May 3, 2005, plaintiffs filed an opposition to the United States' Motion to Dismiss. In that opposition, the plaintiffs contend that the United States did not comply with the requirements of Local Rule 7.1(a)(2) so that the motion should be denied.

Local Rule 7.1(a)(2) provides that "no motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue. Neither the rule itself or case law prescribes a precise formula for manifesting compliance with this provision. In the subject motion to dismiss, the Untied States, through its undersigned counsel, stated that "pursuant to Local Rule 7.1, counsel for the United States informed the plaintiffs of the United States' intention to file to file this motion." Motion to Dismiss at 2. We submit that such a statement signed by an attorney is sufficient to satisfy the intent of Rule 7.1(a)(2) so

long as the representation, and all that it implies, are true. As we demonstrate below, counsel's representation, and inferences to be drawn from it, are true.

On April 15, 2005, counsel for the United States informed the plaintiffs, in writing by facsimile, of its intention to file a motion to dismiss this proceeding, and indicated that if the plaintiffs wished to discuss this matter, they should contact counsel for the United States by the close of business on Monday, April 18, 2005 (up to this point the plaintiffs had conducted all correspondence by facsimile). Plaintiffs did so, and on Monday, April 18, 2005, counsel for the United States and Harry Schortmann held a lengthy telephone conversation wherein counsel for the United States explained the government's position and asked whether Mr. Schortmann concurred that the case should be dismissed. Mr. Schortmann did not assent to the proposal to dismiss or transfer the action, and counsel for the United States notified Mr. Schortmann that this motion would be filed that day. With questions of a jurisdictional nature, there is clearly no further ability to narrow the issues. Counsel for the United States also informed Mr. Schortmann, in response to his questioning, when his opposition would be due, and agreed to send by facsimile a copy of the motion.

The United States has fully complied with the requirements of Rule 7.1(a)(2), and plaintiffs' contention to the contrary is simply incorrect.

Respectfully submitted,

```
I hereby certify that a true copy of the
above document was served upon (each party
appearing pro se and) the attorney of record
for each other party by mail on

    5/4/05- Lydia Bottome Turanchik
```

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney

  /s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

Service List

Harry G. Schortmann, Jr.
Jacqueline Schortmann
91 Hemlock Drive
Holliston, MA 01746