IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

**HARRY G. SCHORTMANN, JR., PRO SE,**
**JACQUELINE SCHORTMANN, PRO SE,**

      Plaintiffs,

v.                                                                                  Civil No. 04-11011-MLW

**INTERNAL REVENUE SERVICE OF**
**THE UNITED STATES GOVERNMENT,**

      Defendant.

### RESPONSE TO THE UNITED STATES' RESPONSE
### TO PLAINTIFFS' OPPOSITION

### COMMENTS

1. Rule 7.1 (a) (2) states, *"No motion shall be filed unless counsel certify that they have conferred and have tempted in good faith to resolve or narrow the issue."* The motion of the United States was not certified. More importantly, no conference was ever held, nor did the United States ever seek such a conference.

There has never been a discussion of the substance or the plaintiffs' case with the defendant's counsel. In *United States' Request for Leave to File Response to Plaintiffs' Opposition to United States Motion to Dismiss* the defendant's counsel states, "*With questions of a jurisdictional nature, there is clearly no further ability to narrow the issues.*"

Since the case has never been discussed and defense counsel affirms that the issue can not be narrowed, the burden of Rule 7.1 (a) (2) has not been met.

2. The inclusion of a motion to prevent the conducting of a trial is inappropriate in a Joint Statement intended to provide how the trial should proceed. After a Scheduling Conference has been scheduled, the filing of the defendant's motion is unnecessarily disruptive both to the court and the plaintiff and contrary to the goal of *The Expensive and Delay Reduction Plan*. The proper time for the defense to have filed such a motion was before the Scheduling Conference had been scheduled.

3. The filing of the defense's motion is redundant. The essence of defense's motion entitled, *United States' Request for Leave to File Response to Plaintiffs' Opposition to United States Motion to Dismiss* dated 4/18/05 has already been encompassed in the defense's motion entitled, *United States' Answer* dated 9/03/04 and was not accepted by the court.

4. When defense counsel states, "We submit that such a statement signed by an attorney is sufficient to satisfy the intent of Rule 7.1 (a) (2). . .", counsel is saying that when the court said *certify*, it did not mean *certify*.

The defendant's motion should be denied.

Case 1:04-cv-11011-MLW    Document 16    Filed 05/16/2005    Page 4 of 6

Respectfully submitted,

*Harry G. Schortmann, Jr.*
Harry G. Schortmann, Jr., PRO SE

91 Hemlock Drive
Holliston, MA 01746
May 12, 2005
508-429-5726

A copy was mailed on May 12, 2005 to:

LYDIA BOTTOME TURANCHIK
Trail Attorney, Tax Division
U. S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, DC 20044